IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CARLOS RAYMOND AGUILAR                                    PETITIONER


v.                                  5:06CV00295 WRW-JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On March 9, 2005, Petitioner plead guilty to second-degree murder and residential burglary in Saline County Circuit Court. He was sentenced to 240 months' imprisonment on the second-degree murder conviction and 120 months' imprisonment on the residential burglary conviction. The circuit court ran the sentences consecutively.

- 2 -

The judgment and commitment order was filed on March 10, 2005.  Petitioner is serving his sentences in the Arkansas Department of Correction ("ADC").

Because Petitioner unconditionally plead guilty, he could not file a direct appeal from his convictions or sentences. Ark. R. App. P.--Crim. 1(a).  Petitioner did not seek post-conviction relief in state court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On August 29, 2005, Gleenover Knight, a records supervisor for the ADC, sent Petitioner an inter-office communication in response to Petitioner's complaint that he should not be subject to the Arkansas parole eligibility law requiring a person convicted of certain offenses to serve 70% of his sentence before becoming eligible for parole because Petitioner's commitment did not state that he was subject to the 70% requirement.  The communication stated:

> Act 1326 of 1995 is a Parole law, not a sentencing law. It does not have to State on your commitment that you must do seventy percent.  Act 1326 provides that if you are convicted of Murder 2nd degree with an offense date after the effective date of the Act (July 28, 1995), then you shall not be eligible for parole until you serve seventy percent of your sentence. Your T.E. date at Class IV is 8-24-2027.  Your time is correct.

Act 1326 of 1995, which was codified in Ark. Code Ann. § 16-93-611 (Supp. 1995), provided in pertinent part:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty or pleads guilty or nolo contendere of murder in the first degree, kidnapping, aggravated robbery, rape, and causing a catastrophe shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.

Act 1326 did not list second-degree murder as an offense subject to the 70% requirement.

On November 2, 2006, Petitioner filed a state habeas corpus petition in Saline County Circuit Court alleging that his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with an understanding that he was subject to the 70% requirement.  The circuit court has not ruled on the petition.

On November 10, 2006, Petitioner filed his habeas corpus petition in this Court.[1] He contends that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily because he did not understand at the time he entered his plea that he was required to serve 70% of his sentence before becoming eligible for parole.  He alleges that the plea agreement did not state that he was subject to the 70% requirement and that the "70% was put on him by the ADC."

The Respondent, Larry Norris, Director of the Arkansas Department of Correction, has filed a motion to dismiss Petitioner's habeas petition (docket entry # 5), asserting that the petition is barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1).  In his motion, the Respondent also states that "the respondent has withdrawn its application of the 70%-rule to Aguilar's second-degree murder conviction for reasons entirely unrelated to his claim that it invalidates his plea." The Respondent states that second-degree murder "does not fall within the ambit of the 70% rule." The

_____

[1]  A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999). Petitioner's habeas corpus petition was filed in this Court on November 16, 2006.  In his petition Petitioner did not indicate the date on which he executed the petition, and it is unclear when Petitioner tendered his petition to prison officials for mailing.  Under the circumstances, the Magistrate Judge will assume that he tendered his petition to prison officials for mailing on November 10, 2006, six days before the filing date of November 16, 2006.

Respondent has submitted a letter dated December 8, 2006, from Shelli Maroney, who is employed by the ADC in the records department, to Kelly Hill, an Assistant Attorney General for the State of Arkansas.  In the letter, Ms. Maroney stated:

> Act 1326 was entered on [Petitioner's] time computation in error. Act 1326 did not control his release dates due to him falling under act 1805 which overrides all other sentencing acts. He is serving 100% of the 20yrs with no good time or parole due to a previous violent crime conviction. Act 1326 has been removed from his sentence.

Act 1805 of 2001, which is codified in Ark. Code Ann. § 16-93-609 (Repl. 2006), provided in pertinent part:

> Any person who commits a violent felony offense or any felony sex offense subsequent to the effective date of this 2001 Act [August 13, 2001], and who has previously pled guilty or nolo contendere, or been found guilty of any violent felony offense, or any felony sex offense, shall not be eligible for release on parole by the Post Prison Transfer Board.

Neither Act 1326 nor any other Arkansas law requires Petitioner to serve 70% of his sentence on his conviction for second-degree murder before becoming eligible for parole. Although the ADC erroneously subjected Petitioner to the 70% requirement pursuant to Act 1326, the ADC has acknowledged its mistake and removed this requirement.  The Magistrate Judge finds that Petitioner correctly understood at the time he entered his plea that he was not subject to the 70% requirement. Accordingly, his claim that his  plea was unlawfully induced or not made voluntarily because he did not understand at the time he entered his plea that he was required to serve 70% of his sentence before becoming eligible for parole is without merit. The Magistrate Judge further finds that to the extent that Petitioner's challenge to his guilty plea is an attack on the application of the 70% rule to him, his challenge is moot.

It is important to note that Petitioner's state habeas corpus petition is still pending in state court. In the petition Petitioner claims, as he does in his federal habeas corpus petition, that his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with an understanding that he was subject to the 70% requirement. State habeas corpus is a futile remedy for Petitioner's claim. State habeas relief is available only if a petitioner shows that the sentencing court lacked jurisdiction or that the commitment was invalid on its face. *See, e.g.*, *Engram v. State*, 360 Ark. 140, 154, 200 S.W.3d 367, 375 (2004); *Renshaw v. Norris*, 337 Ark. 494, 499, 989 S.W.2d 515, 518 (1999). Petitioner's allegations do not show that the sentencing court lacked jurisdiction or that the commitment was invalid on its face. Even if Petitioner had a non-futile state remedy for his claim, the Magistrate Judge would still recommend that his petition be denied. A federal habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The Magistrate Judge further finds that Petitioner's habeas petition is barred by the AEDPA's one-year statute of limitations.

The AEDPA provides in pertinent part that the limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Petitioner plead guilty, his judgment became final for purposes of subsection (A) of § 2244(d)(1) on March 10, 2005, the date the judgment and commitment order was filed. *Thompson v. Norris*, No. 4:03CV00804 GH-JFF, recommended disposition at 4 (E.D. Ark. Oct. 15, 2004), adopted by order of district court (November 5, 2004); *Martin v. Jackson*, 152 F. Supp. 2d 1114, 1118 (N.D. Ind. 2001), *aff'd*, 298 F.3d 669 (7th Cir. 2002).

The operative date under subsection (D) of § 2244(d)(1) is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "[T]he trigger in 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brackett v. United States*, 270 F.3d 60 (1st Cir. 2001); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001). On or before August 29, 2005, Petitioner became aware that the ADC was requiring him to serve 70% of his sentence before becoming eligible for parole. Based on the evidence submitted by the parties, the Magistrate Judge cannot determine the precise date on which Petitioner became aware that the ADC was requiring him to serve 70% of his sentence before becoming eligible for parole. Under the circumstances, the Magistrate Judge will construe the evidence in a light most favorable to Petitioner and assume that Petitioner became aware on August 29, 2005, that the ADC was subjecting him to the 70% requirement. There is no evidence that Petitioner could have discovered the factual predicate of his claim before August 29, 2005.

Under the circumstances, the Magistrate Judge finds that the operative date under subsection (D) of § 2244(d)(1) is August 29, 2005,  which is later than March 10, 2005, the operative date under subsection (A) of § 2244(d)(1). The Magistrate Judge concludes that the AEDPA's one-year statute of limitations began running on August 29, 2005.  Petitioner's habeas corpus petition had to be filed in this Court by August 29, 2006,[2] unless the statute of limitations was tolled.

The AEDPA contains a tolling provision which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The AEDPA's one-year statute of limitations is not tolled during the pendency of state post-conviction proceedings commenced after the limitations period has already expired. *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999); *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002); *Jackson v. Ault*, 452 F.3d 734, 735-736 (8th Cir. 2006).  Petitioner filed only one post-conviction petition in state court -- a petition for writ of habeas corpus.  He filed the petition, which is still pending, on November 2, 2006, after the one-year limitations period had expired. Accordingly, the time that the habeas petition has been pending in state court is not excludable.

Equitable tolling may provide an individual relief from the AEDPA's statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an

---

[2]  The filing deadline falls on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927 n. 2 (8th Cir. 2002).

exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). The Eighth Circuit has held that equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), "the State prevents the prisoner from taking more timely action," *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), or the Respondent has lulled the Petitioner into inaction, *Kruetzer*, 231 F.3d at 463. A petitioner's actual innocence does not toll the AEDPA's statute of limitations absent "some action or inaction on the part of the respondent that prevented him [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

Petitioner has not alleged any facts showing that extraordinary circumstances beyond his control made it impossible for him to file his federal habeas petition on time, that the State prevented him from taking more timely action, or that the Respondent lulled him into inaction. Furthermore, he has not submitted evidence showing that he

is actually innocent nor alleged facts showing that some action or inaction on the part of the Respondent prevented him from discovering the relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.  Equitable tolling is not appropriate in this case.

In conclusion, the Magistrate Judge finds that the AEDPA's one-year statute of limitations expired on August 29, 2006.  Petitioner did not file his habeas petition in this Court until November 10, 2006.  Accordingly, his petition is time-barred.

THEREFORE, the Magistrate Judge recommends that the Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus be dismissed with prejudice.

Dated this 7th day of February, 2007.


_____ /s/ John F. Forster, Jr. _____
UNITED STATES MAGISTRATE JUDGE